UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMIE RATLIFF**, | : | CASE NO. 1:24-cv-00006 |
| | : | |
| PLAINTIFF, | : | JUDGE |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **JERRY RITTER TRUCKING, INC.**, | : | **PAINTIFF'S COMPLAINT AND JURY** |
| | : | **DEMAND** |
| DEFENDANT. | : | |

COMES NOW Plaintiff Jamie Ratliff ("Plaintiff"), by and through her undersigned legal counsel, and for her Complaint against Defendant Jerry Ritter Trucking, Inc. ("Defendant") alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is a resident of Ohio and is a resident of this judicial district. She is a former employee of Defendant.

2. Defendant is a corporation with its principal place of business located at 480 Ohio Pike, Cincinnati, Ohio 45255.

3. The Court has jurisdiction over Plaintiff's Complaint because her claims arise under the Family and Medical Leave Act, 29 U.S.C. § 2611, *et seq* ("FMLA").

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein and Defendants are otherwise subject to the personal jurisdiction of Ohio and this Court.

## FACTUAL ALLEGATIONS

5. Plaintiff was employed by Defendant as a Truck Driver from April of 2022 to September 15, 2023.

6. Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

7. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)

8. Plaintiff was compensated at a rate of $30 per hour.

9. During the course of her employment, Plaintiff was diagnosed with breast cancer.

10. Plaintiff immediately informed her supervisor of her diagnosis.

11. Plaintiff consistently provided advance notice when she requested time off to undergo tests and diagnostic procedures.

12. Plaintiff discussed the possibility of taking intermittent FMLA leave so that she could continue to receive treatment for her cancer diagnosis.

13. On or about September 15, 2023, Plaintiff was terminated.

14. Plaintiff was an employee in good standing at the time of her termination.

15. Plaintiff has filed a Charge of Discrimination with the EEOC.

**Count I: Interference in Violation of the Family and Medical Leave Act**

16. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein, and further alleges that Defendant's termination of her employment constituted unlawful interference of the exercise of her legally protected right to take medical leave under the FMLA.

17. Defendant was notified that Plaintiff was diagnosed with breast cancer and intended to take FMLA leave.

18. Defendant's termination of Plaintiff constituted a willful denial of her right to job protected leave under the FMLA.

19. As a result of Defendant's unlawful actions, Plaintiff has suffered, and will suffer, damages in the form of the loss of her employment, and lost wages, and benefits.

**Count II: Retaliation in Violation of the Family and Medical Leave Act**

20. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein, and further alleges that Defendant's termination of her employment constituted unlawful retaliation for the exercise of her legally protected right to take medical leave under the FMLA.

21. By notifying Defendant that she was diagnosed with breast cancer and considering FMLA leave, Plaintiff engaged in statutorily protected activity under the FMLA.

22. Defendant's termination of Plaintiff was undertaken with the intent of retaliating against her for the exercise of her rights under the FMLA.

23. As a result of Defendant's unlawful actions, Plaintiff has suffered, and will suffer, damages in the form of the loss of her employment, and lost wages and benefits.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. For an order reinstating Plaintiff to her former position;
2. If reinstatement is deemed to be inappropriate, an award equal to lost wages and other benefits to which she is entitled;
3. For liquidated damages in the amount required by law;
4. An award of post-judgment interest;
5. For reasonable attorneys' fees and costs; and
6. Any and all further relief the Court determines to be just and equitable.

/s/ *Matthew S. Okiishi*
Matthew S. Okiishi (0096706)
FINNEY LAW FIRM LLC
4270 Ivy Pointe Blvd., Ste 225
Cincinnati, Ohio 45245
(513) 943-6659
Fax: (513) 943-6669
matt@finneylawfirm.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury for all issues so triable.

/s/ *Matthew S. Okiishi*
Matthew S. Okiishi (0096706)